[No. 29790.  Department One.  May 22, 1946.]

THE STATE OF WASHINGTON, *Respondent*, v. BROWNING
ROBBINS, *Appellant*.[1]

[1]Reported in 169 P. (2d) 246.

*John F. Garvin,* for appellant.

*Lloyd Shorett* and *J. Edmund Quigley,* for respondent.

MILLARD, J.—Defendant was convicted of the crime of robbery upon an information charging that he abetted and assisted George A. Leader to unlawfully, by force and violence, take from J. H. Van Gesen, in the county of King, certain narcotics which were the property of one J. F. Smith. From judgment and sentence entered on the verdict, defendant appeals.

The state's evidence, which the verdict reflects was accepted by the jury as true, clearly establishes appellant's guilt of the crime charged:

While J. H. Van Gesen, the clerk in charge, was alone in the Smith Drug Store in the city of Seattle the evening of April 27, 1945, he was compelled at the point of a gun to surrender narcotics to a man whose description Van Gesen gave to the police immediately on the departure of the robber from the drug store. The Federal and Seattle police officers were convinced by that description that George A. Leader and Browning Robbins were the robbers. The officers went to a house known to be the rendezvous of these two men, where they found George A. Leader, whom they arrested and from whom they secured a quantity of narcotics. Acting on information obtained from Leader, the officers proceeded immediately to the residence of appellant, where he was placed under arrest and a phial of narcotics was taken from a pocket of his trousers. That tube of narcotics was identified as part of the narcotics taken from the Smith Drug Store which appellant received from George A. Leader.

At police headquarters, appellant stated that he operated the automobile in which he and Leader went to the vicinity

of the robbery. After waiting for Leader to commit the robbery, he then took Leader in the automobile to the rendezvous (where Leader was later arrested), when Leader gave to appellant the narcotics found on the person of appellant at the time he was arrested. The testimony of appellant on direct examination by his counsel differed not from the statement made by him when taken to police headquarters.

George A. Leader, called as a witness on behalf of the state, refused to testify, claiming his constitutional right to not give evidence against himself. While he answered questions as to his name, place of residence, and past employment, he was not interrogated with reference to appellant or the crime charged. At the close of the direct examination of Leader, appellant's counsel requested that a document be marked "defendant's exhibit No. 2 for identification." He then asked Leader, "Is that your signature, George?" Following Leader's reply in the affirmative, appellant's counsel stated, "That is all."

Appellant first assigns as error the court's refusal to admit in evidence a photograph which it was claimed disclosed the actual condition of appellant's body the day following his release from jail on bond. We are not advised on what theory the photograph was admissible or what probative force it could have had in this trial. There is no contention that appellant had been beaten and thereby compelled to make a false confession. Appellant admitted his guilt and adopted as true his confession or statement made at police headquarters. The trial court ruled correctly.

Error is next assigned on failure of the court to continue the case for a sufficient length of time to permit appellant's attorney to interview George A. Leader. We find no record of a request by appellant's counsel for a continuance or a recess to permit appellant's counsel to interview Leader, a witness for the state. The assignment is without merit.

Counsel for appellant next assigns as error the exclusion of appellant's exhibit No. 2, which it is claimed

was a sworn statement of George A. Leader acknowledged before a notary public.

It is true that Leader admitted that the signature to the document was his, but if appellant desired to introduce that statement in order to impeach the witness Leader, no foundation was laid for impeachment. Leader refused to testify on direct examination; hence, there was nothing to impeach. No question is presented for our determination by this assignment of error, as there is no showing in the record before us of any formal offer by appellant's counsel of the exhibit in question.

■ Appellant next contends that the court erred in permitting the return to the penitentiary of George A. Leader before appellant could call him as his witness. The assignment is without substantial merit. Rule 11 of the General Rules of the Superior Courts, adopted March 2, 1944, provides that, when a witness is subpoenaed to attend in a criminal case, such witness is excused from further attendance as soon as he has given his testimony in chief for the party at whose instance the witness was called and has been examined thereon, unless either party makes request in open court that the witness remain in attendance.

Our search of the record does not disclose that counsel for appellant requested in open court that witness Leader remain in attendance.

■ It is finally contended that the trial court erred in refusing to suppress evidence seized in an unlawful search by the arresting officers. It is a rule which we have consistently observed and needs no citation of sustaining authority, that arrests may be made by a police officer without a warrant when the officer has reason to believe that a felony has been committed. In the case at bar, the arresting officers had reason to believe that a felony—robbery—had been committed. The search of the person of appellant immediately following his lawful arrest, and the seizure of the narcotics found on his person, did not constitute an unlawful search and seizure, as same were incident to a lawful arrest. Where the arrest is lawful, the

right to search the person of the accused and the admissibility of the articles so found are beyond question.

The judgment is affirmed.

STEINERT, SIMPSON, and MALLERY, JJ., concur.

---

July 18, 1946. Petition for rehearing denied.